IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

MARK B. MILLER,

                Plaintiff,

    v.

DARRYL BAZAN, *et al.*,

                Defendants.

_____

Civil Action No.
5:13-CV-0993 (LEK/DEP)

APPEARANCES:

FOR PLAINTIFF:

MARK B. MILLER, *Pro Se*
09-A-4876
Auburn Correctional Facility
P.O. Box 618
Auburn, NY 13021

FOR DEFENDANTS:

[NONE]


DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

REPORT, RECOMMENDATION, AND ORDER

*Pro se* plaintiff Mark B. Miller has commenced this action against the New York State Police and two employees of that agency, pursuant to 42 U.S.C. § 1983, alleging deprivation of his civil rights. Although plaintiff is now a prison inmate confined at Auburn Correctional Facility, at the time of

the events giving rise to his claims in this action, he was not incarcerated. His claims arise out of events leading up to his arrest and prosecution in Fulton County Court for weapons possession, petit larceny, menacing, and armed robbery.

The complaint in this action, together with an accompanying application for leave to proceed *in forma pauperis* ("IFP") have been forwarded to me for consideration. Based upon my review of those documents, I am granting plaintiff's request for leave to proceed IFP, and recommending that his claims seeking damages and restitution against defendant New York State Police, as well as those same claims asserted against defendants Thomson and Bazan in their official capacities, be dismissed without leave to replead.

I.   BACKGROUND

Plaintiff commenced this action on August 16, 2013.[1]   Dkt. No. 1. As defendants, plaintiff's complaint names the New York State Police, Samuel M. Thomson, a New York State Trooper, and Darryl Bazan, a New York State Police Investigator, and asserts causes of action for negligent

---

[1]   Plaintiff commenced a previous action in this court against defendants Bazan and Thomson, as well as the Fulton County District Attorney, the City of Johnstown, Fulton County Supreme Court Chief Clerk, and a Fulton County Supreme Court Law Clerk. *Miller v. Bazan, et al.,* No. 10-CV-0014 (N.D.N.Y. filed Jan. 5, 2010).   That action was voluntarily withdrawn, without prejudice, with approval of the court.   *Miller*, No. 10-CV-0014, Dkt. Nos. 11, 12.

2

supervision and malicious prosecution. Dkt. No. 1 at 1-2, 15-19. Plaintiff's claims stem from a sequence of events leading up to his arrest and prosecution, including the execution of a search warrant, and he alleges that defendants fabricated evidence, retaliated against him for past interactions with police, and misappropriated money belonging to the plaintiff and confiscated by defendants during the search of his home. *See generally id.*

Plaintiff's complaint was initially accompanied by a motion for leave to proceed IFP and a signed, inmate authorization form. Dkt. Nos 2, 3. Upon review of those documents, Senior District Judge Lawrence E. Kahn issued an order, dated August 16, 2013, informing the plaintiff that his IFP application was incomplete in that it did not include a certification by an appropriate official at the prison facility in which he is housed. Dkt. No. 4. Plaintiff subsequently filed with the court a revised application for leave to proceed IFP, with the appropriate certification from an employee of the Auburn Correctional Facility, where he is currently being held. Dkt. No. 5.

II. DISCUSSION

   A. Plaintiff's IFP Application

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $400, must ordinarily be paid. 28 U.S.C. §§ 1914(a). A court is authorized, however, to permit a litigant to proceed IFP if it determines that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a)(1). In this instance, because I conclude that plaintiff meets the requirements for IFP status, his application is granted.

   B. Sufficiency of Plaintiff's Complaint

      1. Legal Standard

Because I have found that plaintiff Miller meets the financial criteria for proceeding in this case IFP, I must next consider the sufficiency of the claims set forth in his complaint in light of 28 U.S.C. § 1915(e). Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In deciding whether a complaint states a colorable claim, a court must extend a certain measure of deference in favor of *pro se* litigants, *Nance v.*

*Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to address the sufficiency of plaintiff's allegations, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). However, the court also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See, e.g.*, *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.'" *Aguilar v. United States*, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d. 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for the purposes of

dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

When reviewing a complaint under section 1915(e), the court looks to applicable requirements of the Federal Rules of Civil Procedure for guidance. Specifically, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, J.) (internal quotation marks and italics omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the court should construe the factual allegations in a light most favorable to the plaintiff, "the tenet that a court must accept as true all of the

allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

2. <u>Application of Governing Legal Principles to Plaintiff's Claims</u>

a. <u>The New York State Defendants</u>

One of the defendants named in plaintiff's complaint is the New York State Police. Dkt. No. 1 at 2. Also named are two individuals identified as a New York State Trooper and a New York State Police Investigator, sued in both their individual and official capacities. *Id.* at 1. As relief, plaintiff seeks damages and restitution. *Id.* at 21.

The Eleventh Amendment protects a state against suits brought in federal court by "private parties seeking to impose a liability which must be paid from public funds in the state treasury." *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *Cory v. White*, 457 U.S. 85, 90-91 (1982); *Ying Jing Gan v. City of New York*, 996 F.2d 522, 529 (2d Cir. 1993). This absolute immunity, which states enjoy under the Eleventh Amendment, extends to

both state agencies and state officials sued for damages in their official capacities when the essence of the plaintiff's claim seeks recovery from the state as the real party in interest. *See, e.g., Daisernia v. State of New York*, 582 F. Supp. 792, 798-99 (N.D.N.Y. 1984) (McCurn, J.) ("[A] suit which seeks a money judgment 'which must be paid from the state treasury is barred by the Eleventh Amendment,' even though it is nominally asserted against an individual official." (quoting *Edelman*, 415 U.S. at 663)); *see also Richards v. State of New York App. Div., Second Dep't*, 597 F. Supp. 689, 691 (E.D.N.Y. 1984) (citing, *inter alia*, *Cory v. White*, 457 U.S. 85, 89-91, (1982)). "To the extent that a state official is sued for damages in his official capacity, such a suit is deemed to be a suit against the state, and the official is entitled to invoke the Eleventh Amendment immunity belonging to the state."[2] *Ying Jing Gan*, 996 F.2d at 529; *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("Suits against state officials in their official capacity therefore should be treated as suits against the State.").

In this case, plaintiff's claims seeking an award of damages against defendant New York State Police are precluded by the Eleventh Amendment. *See Gierlinger v. New York State Police*, 738 F. Supp. 96, 97

---

[2] By contrast, the Eleventh Amendment does not preclude lawsuits seeking to impose individual or personal liability on state officials under section 1983. *Hafer v. Melo*, 502 U.S. 21, 30-31 (1991).

8

(W.D.N.Y. 1990) ("Defendant New York State Police is a division in the executive department of New York . . . and is therefore immune from all claims, both federal and state[.]"). Additionally, plaintiff's damage claims in this action against the individually named defendants, New York State Police Investigator Darryl Bazan and New York State Trooper Samuel Thomson, who are sued, in part, in their official capacities are, in reality, claims against the State of New York, and therefore subject to dismissal. *Daisernia*, 582 F. Supp. at 798-99. Finally, to the extent that plaintiff seeks restitution against defendant New York State Police or the individual defendants in their official capacities, the Eleventh Amendment precludes such recovery. *See McAuliffe v. Carlson*, 520 F.2d 1305,1308 (2d Cir. 1975) ("Equitable restitution is, in practical effect, indistinguishable from an award of damages against the state. Even in those cases where the claim is that a state has illegally taken or used plaintiff's property, not merely wrongfully withheld it, the Eleventh Amendment applies with full force[.]"); *see also Local 851 of Int'l Bhd. of Teamsters v. Thyssen Haniel Logistics, Inc.*, 90 F. Supp. 2d 237, 250-51 (E.D.N.Y. 2000). Accordingly, I recommend that any damage and restitution claims asserted against defendant New York State Police, as well as those same claims asserted against defendants Bazan and Thomson in their official capacities be

dismissed with prejudice.

### b. Plaintiff's Remaining Claims

The court has reviewed plaintiff's remaining claims against the two named defendants in their individual capacities. Plaintiff's complaint, which contains a significant number of detailed factual allegations, is sufficient at that this juncture to pass muster under the relatively modest test of section 1915(e). No determination is made by the court, however, as to the merits of those remaining claims, and specifically whether they may withstand a properly filed motion to dismiss for failure to state a cause of action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### C. Whether to Permit Amendment

Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991); *see also* Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires."); *see also Mathon v. Marine Midland Bank, N.A.,* 875 F. Supp. 986, 1003 (E.D.N.Y.1995) (permitting leave to replead where court could "not determine that the plaintiffs would not, under any circumstances, be able to allege a civil RICO conspiracy"). An opportunity to amend is not required,

however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, No. 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).

In this instance, the deficiencies identified in this report regarding plaintiff's damage and restitution claims against defendant New York State Police and those same claims asserted against defendants Bazan and Thomson in their official capacities are substantive in nature and extend beyond the mere sufficiency of plaintiff's complaint. Accordingly, because I find that any amendment that might be offered by plaintiff would be futile in connection with those claims, I recommend against granting him leave to amend.

III. SUMMARY AND CONCLUSION

Plaintiff's IFP application is now complete, plaintiff having cured the defect previously noted by the court. Based upon the completed application, it appears that he qualifies for IFP status subject to the requirement that payments be made to the court from his inmate account pursuant to the signed authorization on file with the court.

Turning to plaintiff's complaint, I conclude that the damage and restitution claims asserted by him are legally deficient to the extent they include claims against defendants New York State Police, as well as the defendants Bazan and Thomson in their official capacities, and that those claims are therefore subject to dismissal, without leave to replead.

Based upon the foregoing, it is hereby

ORDERED that plaintiff's application for leave to proceed *in forma pauperis* (Dkts. No. 2,5) is GRANTED; and it is further hereby respectfully

RECOMMENDED that plaintiff's damage and restitution claims asserted against the New York State Police, as well as any damage and restitution claims asserted against defendants Darryl Bazan and Samuel Thomson in their official capacities, be DISMISSED, without leave to replead; and it is further hereby

ORDERED, in the event this report and recommendation is adopted,

as follows:

(1) The clerk of the court shall issue summonses and forward them with copies of the amended complaint to United States Marshal, along with packets containing General Order 25, which sets forth this district's Civil Case Management Plan, for service upon the named defendants.

(2) The clerk is not directed to schedule a Rule 16 conference in light of the plaintiff's status as a prison inmate.

(3) Subsequent to service of process on defendants, defendants or their counsel shall file a formal response to plaintiff's amended complaint as provided for in the Federal Rules of Civil Procedure.

(4) All pleadings, motions and other documents relating to this action be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  **<u>Any paper sent by a party to the court or the clerk must be accompanied by a certificate showing that a true and correct copy of same was mailed to all opposing parties or their counsel.   Any document received by the clerk or the court which does not include a certificate of service showing that a copy was served upon all opposing parties or their attorneys will be returned, without processing.</u>**   Plaintiff must comply with any requests

by the clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions, which must be returnable before the assigned district judge with proper allowance for notice as required by the Rules. **Plaintiff is also required to promptly notify the clerk's office and all parties or their counsel of any change in plaintiff's address; his failure to do so will result in the dismissal of this action;** and it is further

ORDERED that the clerk of the court shall serve a copy of this order on plaintiff in accordance with the local rules.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette,* 984 F.2d 85 (2d Cir. 1993).

Dated: November 14, 2013
Syracuse, New York

_____
David E. Peebles
U.S. Magistrate Judge