UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MARK MILLER,

                              Plaintiff,

           -against-                                 5:13-cv-0993 (LEK/DEP)

DARRYL BAZAN; SAMUEL
THOMSON; and NEW YORK STATE
POLICE DEPARTMENT,

                              Defendants.

_____

# MEMORANDUM-DECISION and ORDER

## I. INTRODUCTION

This matter comes before the Court following a Report-Recommendation filed on November 14, 2013, by the Honorable David E. Peebles, U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3. Dkt. No. 8 ("Report-Recommendation"). Judge Peebles recommends that Plaintiff Mark B. Miller's ("Plaintiff") Motions to proceed *in forma pauperis* be granted, and that Plaintiff's claims against the New York State Police Department and two police officers in their official capacities be dismissed without leave to amend pursuant to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1915(e). See generally Report-Rec.; Dkt. Nos. 2, 5. Plaintiff has filed Objections to the Report-Recommendation. Dkt. No. 11 ("Objections").

Plaintiff filed suit pursuant to 42 U.S.C. § 1983 against Investigator Darryl Bazan ("Bazan") and State Trooper Samuel M. Thomson ("Thomson") (together, the "Individual Defendants") in their individual and official capacities, as well as the New York State Police Department (collectively, "Defendants"). See Dkt. No. 1 ("Complaint") ¶¶ 1-2. The Complaint alleges claims for malicious prosecution and negligent supervision. Id. at 15-19. However, because many of

Plaintiff's claims necessarily challenge the fact and validity of his confinement, the Court must dismiss all claims except as to claims involving Plaintiff's missing money, without prejudice, because a § 1983 claim is not the proper avenue for challenging a criminal conviction.[1]

## II.    FACTS

In October 2008, a video camera recorded a robbery of an Amsterdam, NY Hess Express gas station—which is in Fulton County—by an armed and masked individual. Compl. ¶ 7. Plaintiff alleges that the Individual Defendants, suspecting Plaintiff of committing the crime, appeared at his residence, his ex-fiance's home in Saratoga County, claiming to possess two search warrants. Id. ¶¶ 9-10. After the Individual Defendants presented Plaintiff with a single search warrant, Plaintiff gave them a key to the home because he saw several other police officers preparing to knock down the front door. Id. ¶¶ 10-12. Police recovered a firearm and tens of thousands of dollars in U.S. currency, which they claimed to be stolen property, and charged Plaintiff with criminal possession of stolen property in Saratoga County. Id. ¶¶ 12-13.

The government later charged Plaintiff with criminal possession of a weapon and stolen property, as well as the above-described robbery, in Fulton County. Id. ¶ 20. Police claimed that pictures of Plaintiff on his ex-fiance's MySpace page, which looked like the masked individual from the Hess Express video footage, gave them probable cause to charge him for the robbery. Id. ¶ 24. Plaintiff was indicted by a grand jury and later convicted in the Fulton County prosecution, but was acquitted in the Saratoga County case. Id. ¶¶ 20, 25-26.

Plaintiff also states that Defendant Thomson, after the Hess Express robbery but before the

---

[1] *Sua sponte* dismissal of a § 1983 action on Heck grounds is appropriate. See Shue v. U.S., 466 Fed. Appx. 51, 51 (2d Cir. 2012).

2

arrest, had responded to his 911 call at his ex-fiance's home. Id. ¶ 23. Plaintiff called 911 after injuring one of several men that came to Plaintiff's home to start a fight. Id. Thomson responded to the call, and later filed an affidavit stating that he "notice[d] several rifles and shotguns about the home," which Plaintiff claims caused Thomson to target him unjustifiably in the robbery investigation. Id. ¶ 24.

The Complaint asserts causes of action for malicious prosecution and negligent supervision in allowing the Individual Defendants to forge a warrant and steal private property. Id. ¶¶ 36-48. In support, Plaintiff, citing evidence obtained through numerous New York Freedom of Information Law requests, alleges that: the Individual Defendants obtained the search warrant in bad faith by fabricating evidence and forging a judge's signature; gave false testimony at both the grand jury hearings and trials, leading to Plaintiff's indictments and conviction; and removed tens of thousands of dollars from Plaintiff's home, much of which was neither catalogued nor placed into police inventory. Id. ¶¶ 26-31.

### III. DISCUSSION

A § 1983 action that raises issues necessarily implicating the validity of a plaintiff's confinement is premature until that plaintiff succeeds in overturning her conviction. See Heck v. Humphrey, 512 U.S. 477, 484-85. If a judgment in a § 1983 action would simply "increase[] the likelihood that a plaintiff will eventually be able to overturn a still-outstanding conviction, but not go so far as to necessarily demonstrate the conviction's invalidity," McKithen v. Brown, 481 F.3d 89, 102 (2d Cir. 2007) it is not Heck barred; the judgment must necessarily demonstrate the conviction to be invalid, see Nelson v. Campbell, 541 U.S. 637, 647 ("[W]e were careful in Heck to stress the importance of the term 'necessarily.'"). In his Report-Recommendation, Judge Peebles

did not consider the possible applicability of Heck.  Therefore, before the Court addresses Magistrate Judge Peebles' recommendations and Plaintiff's objections, the Court discusses whether Plaintiff's claims necessarily implicate the validity of his conviction, and therefore are not cognizable under 42 U.S.C. § 1983.

Although the language of the Complaint is unclear as to the role the alleged forged evidence, perjured testimony, and improperly obtained search warrant played in Plaintiff's Fulton County criminal trial resulting in a conviction, see, e.g., Compl. ¶¶ 25-26, Plaintiff clarifies in his Objections that his Complaint refers to the proceedings at "both Saratoga & Fulton County Grand Jurys [sic] and Trial Courts," objs. at 1-2.  Plaintiff's claim that he was maliciously prosecuted necessarily implicates the validity of his conviction.  512 U.S. at 484-86.  Even if the Court were to construe the malicious prosecution claim as distinct constitutional claims, challenging the Fulton and Saratoga prosecutions separately, each claim own its own would necessarily implicate the validity of Plaintiff's conviction.  See, e.g., Mesarosh v. United States, 352 U.S. 1, 13-14 (1956) (ordering new trial where trial resulting in conviction contained perjured testimony); Sumter v. Marion, No. 98 Civ. 2744, 1999 WL 767426, at *4-5 (S.D.N.Y. Sept. 28, 1999) (dismissing § 1983 claim as Heck barred where conviction relied on falsified evidence); United States ex rel DeNegris v. Menser, 360 F.2d 199, 203-05 (2d Cir. 1966) (granting habeas relief where government could not establish warrant leading to arrest and conviction was based on probable cause).  Thus, Plaintiff cannot litigate these issues in a § 1983 action until his conviction is overturned.  Because Plaintiff's acquittal in Saratoga County and his conviction in Fulton County involve the same alleged constitutional violations—the faulty search warrant, fabricated evidence, and false testimony—it is impossible for the Court to decide a claim only as to the Saratoga County proceeding without

opening Plaintiff's conviction to collateral attack.[2]

However, one claim is sufficiently separable from the validity of Plaintiff's conviction to proceed: that the Individual Defendants violated Plaintiff's Fourteenth Amendment property rights by failing to account for $34,000 seized from Plaintiff's home. Therefore, the Court addresses the sections of the Report-Recommendation relevant to this claim. Magistrate Judge Peebles recommended that the Court dismiss all claims against the New York State Police Department, as well as against the Individual Defendants in their official capacities, on sovereign immunity grounds without leave to amend. See Report-Rec. at 28. Plaintiff objects to this ruling on two bases: (1) Magistrate Judge Peebles misconstrued the scope of the Eleventh Amendment; and (2) Plaintiff neglected to seek additional injunctive relief against the Individual Defendants in the Complaint, and therefore requests leave to amend. See Objs. at 4.

Plaintiff claims that the Individual Defendants do not enjoy sovereign immunity in their official capacities because the Eleventh Amendment only applies to "any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." Objs. at 4 (quoting U.S. CONST. amend. XI). However,

> the sovereign immunity of the States neither derives from nor is limited by the terms of the Eleventh Amendment. Rather, as the Constitution's structure, and its history, and the authoritative interpretations by this Court make clear, the States' immunity from suit is a fundamental aspect of the sovereignty which the States enjoyed before the ratification of the Constitution, and which they retain today.

---

[2] If Plaintiff wishes to challenge his conviction he may seek a writ of habeas corpus. See 42 U.S.C. § 2254. The limitations period for § 1983 claims does not begin to run until a Heck-barred Plaintiff successfully challenges his conviction. See Heck, 512 U.S. at 489-90. Thus, if Plaintiff succeeds in vacating his conviction, he may then bring a civil suit for damages on those grounds without fear that his claims will be barred by the statute of limitations running from the time of his conviction.

Alden v. Maine, 527 U.S. 706, 713 (1999).  To the extent that a plaintiff seeks retrospective relief, including remedies for restitution rather than damages, sovereign immunity bars suit against both states and arms of the states—including state officers in their official capacities.  See Quern v. Jordan, 440 U.S. 332, 337 (1979).  The Court cannot identify any appropriate, prospective injunctive relief in this matter short of invalidating Plaintiff's conviction, which would obviously implicate that convictions' validity.  Thus, leave to amend is not warranted.  As a result, the Court dismisses all claims against the State of New York Police Department and the Individual Defendants in their official capacities.

IV.  **CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 8) is **ACCEPTED and ADOPTED in part**.  Defendants New York State Police Department, as well as Darryl Bazan and Samuel Thomson in their official capacities are **DISMISSED** from this action; and it is further

**ORDERED**, that Plaintiff's claims for malicious prosecution and supervisory liability are **DISMISSED** without prejudice; and it is further

**ORDERED**, that Plaintiff's claim for restitution may proceed against Defendants Darryl Bazan and Samuel Thomson in their individual capacities.  Defendants are instructed to respond to this claim in accordance with the Local Rules; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on the Plaintiff, along with a blank petition for a writ of habeas corpus.

**IT IS SO ORDERED**.

DATED: February 24, 2014
Albany, New York

Lawrence E. Kahn
U.S. District Judge