UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**MARK B. MILLER,**

       **Plaintiff,**

v.                                                                                  5:13-CV-00993 (BKS/DEP)

**DARRYL BAZAN, New York State Police Investigator; and SAMUEL M. THOMSON, New York State Trooper,**[1]

       **Defendants.**

_____


**Appearances:**

Plaintiff *Pro Se*
**Mark B. Miller**
09-A-4876
Mohawk Correctional Facility
6514 Rt. 26
P.O Box 8451
Rome, NY 13442

For Defendants Darryl Bazan and Samuel M. Thomson:
**Hon. Eric T. Schneiderman, Attorney General of the State of New York**
**Michael G. McCartin, Assistant Attorney General**
Office of Attorney General – Albany
The Capitol
Albany, NY 12224

---

[1] The New York State Police was previously a defendant in this action, but was dismissed by Judge Kahn's order on February 24, 2014. (Memorandum Decision and Order, Dkt. No. 14). The Court has amended the caption accordingly.

**Hon. Brenda K. Sannes, United States District Court Judge:**

**MEMORANDUM-DECISION AND ORDER**

I. **INTRODUCTION**

Plaintiff *pro se* Mark B. Miller filed this action pursuant to 42 U.S.C. § 1983 against Defendants the New York State Police, New York State Police Investigator Darryl Bazan ("Bazan") and New York State Trooper Samuel M. Thomson ("Thomson") (Complaint ("Compl.") Dkt. No. 1, ¶ 3)[2]. Plaintiff's complaint alleges in part that Defendants Bazan and Thomson violated Plaintiff's Fourteenth Amendment procedural due process rights when they misappropriated $34,000 confiscated during a search of his home. (Compl., ¶ 54). Defendants move to dismiss this claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Motion to Dismiss ("Mot. to Dismiss") Dkt. No. 24). For the reasons that follow, the motion is granted.

II. **BACKGROUND**

    A.     **Relevant Facts[3]**

On October 16, 2008, a robbery took place at a Hess Express gas station in Amsterdam, New York. (¶ 7). Three days later, on October 19, 2008, Defendant Thomson, a New York State Trooper, came to Plaintiff's home to respond to a complaint of disorderly conduct. (¶ 23). After visiting Plaintiff's home, Thomson executed a sworn affidavit in which he stated that Plaintiff's appearance matched surveillance photos of the suspect in the Hess Express robbery. (¶ 24).

---

[2] Plaintiff previously filed a complaint stating similar claims. Compl., *Miller v. Bazan*, No. 6:10-cv-00014 (N.D.N.Y. Jan. 5, 2010). Following the dismissal of that complaint for failure to state a claim, Plaintiff moved to voluntarily withdraw the case without prejudice. Letter Mot. Of Voluntary Withdrawal, No. 6:10-cv-00014 (N.D.N.Y. July 1, 2010). The Court granted Plaintiff's motion and dismissed the case. Order, No. 6:10-cv-00014 (N.D.N.Y. July 13, 2010).
[3] The facts are taken from the complaint and assumed to be true for the purposes of this motion. *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011).

Thomson stated that he verified Plaintiff's appearance by viewing pictures from a Myspace page belonging to Plaintiff's then-fiancée, Chivon Fedorka. (¶ 24). On November 18, Judge Richard Aulisi issued a warrant authorizing the search of Plaintiff's home. (¶ 27). Plaintiff alleges that the probable cause for this warrant came from Defendant Thomson's affidavit. (¶ 24).

On November 20, 2008, Plaintiff was at home by himself. (¶ 9). Plaintiff alleges that he had a total of $61,000 in cash at home that day. (¶ 9). Plaintiff intended to leave his house, and took approximately $8,000 with him before walking out of the house and into the driveway. (¶ 9). Plaintiff alleges that $53,000 in cash remained in the house at this time. (¶¶ 9, 17).

When Plaintiff was standing in his driveway, police arrived to search Plaintiff's home. (¶ 9). The police provided Plaintiff with a warrant authorizing the search of his home, and Plaintiff gave the police the keys to the house. (¶¶ 10, 11). Two investigators from the Fulton County Sheriff's Office then approached Plaintiff and asked him to come to their office for further questioning. (¶ 11). Plaintiff complied with the investigators' request and went to their office. (¶ 11).

While Plaintiff was at the investigators' office, police officers searched Plaintiff's home. (¶ 12). Defendant Bazan, a New York State Police Investigator, was one of the police officers who participated in the search. During the search, Bazan allegedly found a gun which had been reported stolen. (¶ 12). After finding the gun, Bazan spoke by telephone to the investigators who were questioning Plaintiff. (¶ 12). The investigators then informed Plaintiff that Bazan had discovered the stolen gun, and arrested Plaintiff. (¶ 12). Cash in the amount of $8,499 was removed from Plaintiff's person at the time of his arrest. (¶ 12). Meanwhile, Bazan reported finding $19,000 in cash at Plaintiff's house during his search. (¶ 16).

Plaintiff alleges that an additional $34,000 in cash, beyond the $19,000 that Bazan reported finding, was at his house on November 20th; Plaintiff believes that Bazan stole the $34,000. (¶¶ 16, 17). On November 25th, Plaintiff asked his attorney, William Lorman, to investigate the missing funds. (¶ 18). Mr. Lorman drafted a letter to the Saratoga County District Attorney's Office regarding the missing funds on December 3rd, but withdrew as counsel after sending the letter. (¶¶ 19, 21). Plaintiff alleges that, after Mr. Lorman had withdrawn as counsel, Fulton County District Attorney Louise Sira "coerced" him into "fill[ing] out an affidavit." (¶ 21). Plaintiff alleges that Sira told Plaintiff he would not receive any of the money the police had confiscated from him if he did not fill out the affidavit in "the way she wanted." (¶ 21). Plaintiff alleges that he executed the affidavit "under duress," and that he never received the missing $34,000. (¶ 21).

Plaintiff claims that Thomson's affidavit contained false testimony, and that Judge Aulisi would not have issued a warrant authorizing the search of Plaintiff's home if it were not for the statements Thomson made in his affidavit. (¶ 24). Plaintiff also claims that Bazan stole $34,000 from Plaintiff's home while executing the search warrant. (¶ 16). Plaintiff therefore alleges that Thomson and Bazan conspired to create the circumstances resulting in Plaintiff's arrest and conviction, and that this allowed Bazan to steal $34,000 belonging to Plaintiff. (¶¶ 38, 43, 53).

### B. Procedural History

In the complaint, Plaintiff advanced malicious prosecution and supervisory liability claims as well as a claim that Defendants violated his Fourteenth Amendment right to procedural due process. (Compl., ¶¶ 37-44, 46-48, 54). In a Report, Recommendation and Order entered on November 11, 2013, United States Magistrate Judge David E. Peebles granted Plaintiff's request to proceed *in forma pauperis* (Dkt. No. 8, p. 4). After reviewing the sufficiency of the

complaint, in accord with 28 U.S.C. 1915(e), Magistrate Peebles concluded that "plaintiff's damage and restitution claims asserted against the New York State Police, as well as any damage and restitution claims asserted against [the individual] defendants . . . in their official capacities," were barred by the Eleventh Amendment. (*Id.*, p. 12). Magistrate Peebles recommended dismissal of those claims without leave to replead. (*Id.*, p. 12).

In a Memorandum-Decision and Order entered on February 24, 2014, United States District Court Judge Lawrence E. Kahn adopted Magistrate Peebles's Report-Recommendation in part, dismissing the New York State Police as a defendant in this action, and dismissing all claims against Bazan and Thomson in their official capacities. (Dkt. No. 14, p. 6).[4] Judge Kahn dismissed Plaintiff's malicious prosecution and supervisory liability claims without prejudice. (*Id.*). Judge Kahn directed Defendants Bazan and Thomson to respond to Plaintiff's procedural due process ("restitution") claim. (*Id.*)[5]

Defendants Bazan and Thomson move to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil procedure on the grounds that: (1) the availability of a New York State court remedy for the alleged deprivation of Plaintiff's property forecloses his due process claim; and (2) Plaintiff's due process claim is also barred by the statute of limitations. (Mot. to Dismiss, pp. 4-6). Although Defendants Bazan and Thomson filed a declaration of service verifying that a copy of the motion to dismiss was served on Plaintiff by mail, Plaintiff did not file a response to the motion to dismiss within the deadline. (Certificate of Service, Dkt. No. 25).[6]

---

[4] Judge Kahn dismissed those claims on the basis that they were challenges to the validity of Plaintiff's conviction and confinement, and therefore could not be litigated under 42 U.S.C. § 1983. *See Heck v. Humphrey*, 512 U.S. 477 (1994) (Mem. Decision & Order, Dkt. No. 14, p. 6).
[5] Plaintiff never filed an amended complaint; the only claim remaining is for procedural due process ("restitution").
[6] The record shows that Plaintiff wrote a letter to the court clerk on August 13, 2014, after the deadline for responding to the motion to dismiss had expired, stating that he may be missing some documents relating to the case and asking the Court to advise him as to whether it had made a decision. (Letter Request Motion, Dkt. No. 26). The

Although Plaintiff has not responded to the motion to dismiss, the Court may determine whether the complaint is sufficient to state a claim as a matter of law "based on its own reading of the pleading and knowledge of the law." *Goldberg v. Danaher*, 599 F.3d 181, 184 (2d Cir. 2010) (quoting *McCall v. Pataki*, 232 F.3d 321, 322-23 (2d Cir. 2000)). In rendering this decision, the Court is mindful of the duties it owes to a *pro se* litigant while ruling on a motion to dismiss, as summarized below.

## III. STANDARD OF REVIEW

Defendants Bazan and Thomson move to dismiss on the ground that the complaint fails to state a cause of action. *See* Fed. R. Civ. P. 12(b)(6). To survive a dismissal motion, "a complaint must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Mayor & City Council of Balt. v. Citigroup, Inc.*, 709 F.3d 129, 135 (2d Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff must provide factual allegations sufficient "'to raise a right to relief above the speculative level.'" *Id.* (quoting *Bell*, 550 U.S. at 555). The Court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See E.E.O.C. v. Port Auth. of N.Y. & N.J.*, 768 F.3d 247, 253 (2d Cir. 2014) (citing *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)).

A complaint that has been filed *pro se* "must be construed liberally with 'special solicitude' and interpreted to raise the strongest claims that it suggests." *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013) (quoting *Hill v. Curcione,* 657 F.3d 116, 122 (2d Cir.2011)). The Court should not dismiss a *pro se* complaint without "'granting leave to amend at least once

---

Court responded to Plaintiff's inquiry by stating that the motion in this case had "been briefed and [was] awaiting the Judge's consideration." (Notice, Dkt. No. 27). Plaintiff has thus been made aware of the status of this case.

when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)). Leave to amend is not, necessary, however, when amendment would be futile. *Id.* (citing *Tocker v. Philip Morris Cos.,* 470 F.3d 481, 491 (2d Cir.2006)).

## IV.    DISCUSSION

Defendants Bazan and Thomson argue that Plaintiff's claim fails for two reasons: (1) 42 U.S.C. § 1983 does not provide a remedy for the harm Plaintiff alleges because Plaintiff has an adequate state remedy, and thus has failed to state a plausible claim for relief; and (2) Plaintiff's claim was not filed until after the statute of limitations had expired.

### A.    **Procedural Due Process**

42 U.S.C. § 1983 provides a civil remedy where an individual has been deprived of rights, privileges, or immunities under color of state law. 42 U.S.C. § 1983. *Parratt v. Taylor*, 451 U.S. 527, 535-36 (1981) (*overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986)). The Due Process Clause of the Fourteenth Amendment to the United States Constitution prohibits states from taking property without due process of law. U.S. CONST. amend. XIV, § 1. Where a state provides a post-deprivation remedy for the unauthorized deprivation of property, such a remedy constitutes due process and thus no violation of the Due Process Clause can occur. *Parratt*, 451 U.S. at 538. Therefore, where a state remedy for recovery of taken property exists, an individual whose property has been taken has not been deprived of constitutional rights. *Id.* at 543-44. This principle is true even where an official acting on behalf

of the state intentionally deprived an individual of his or her property without authorization.[7] *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (holding that a prisoner's due process rights were not violated where a corrections officer purposely destroyed his property); *Alexandre v. Cortes*, 140 F.3d 406, 411 (2d Cir. 1998) (holding that plaintiff did not state a due process violation for deprivation of property that resulted from acts not in keeping with official city custom or policy); s*ee also Hellenic Am. Neighborhood Action Comm. v. City of N.Y.,* 101 F.3d 877, 880 (2d Cir.1996) ("[T]he Due Process Clause of the Fourteenth Amendment is not violated when a state employee intentionally deprives an individual of property or liberty, so long as the State provides a meaningful postdeprivation remedy.") (citing *Hudson*, 468 U.S. at 531, 533).

New York's remedy for the recovery of property taken during a police search is an Article 78 proceeding, through which an individual can appeal the action of a state official or agency. *See* N.Y. C.P.L.R. § 7801; *Hourihan v. Lafferty*, 58 F. Supp. 2d 10, 15 (N.D.N.Y. 1999) (dismissing petitioner's claim under section 1983 for return of property because he had a remedy under Article 78 proceedings). Indeed, Article 78 proceedings have been used to recover property that police officers confiscated during a search or arrest. *See, e.g., Camacho v. Kelly*, 870 N.Y.S. 2d 243, 245 (N.Y. App. Div. 2008); *Moss v. Spitzer*, 798 N.Y.S. 2d 482, 483 (N.Y. App. Div. 2005); *Greene v. Kingston Police Dept.*, 868 N.Y.S. 2d 519, 520 (N.Y. Sup. Ct. 2008).

In his complaint, Plaintiff alleges that he previously filed an Article 78 proceeding. (Compl. ¶ 29); *see* Dkt. No. 1-1 at 109; *Miller v. Sira*, No. 2011-00971 (N.Y. Sup. Ct. order filed May 10, 2013). In that suit, Plaintiff made a demand for access to records about the handgun found in his possession during the search of his home on November 20, 2008. Pet., No. 2011-00971 (N.Y. Sup. Ct. Dec. 9, 2011). Plaintiff did not make a claim for the missing $34,000

---

[7] There is no indication in the record that the alleged theft of $34,000 resulted from an established policy of the police or the state. *Cf. Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435-36 (1982) (holding that post-deprivation remedies do not satisfy due process where deprivation is caused by conduct pursuant to established state procedure).

8

in that proceeding, and at this point the statute of limitations on an Article 78 proceeding challenging the officers' refusal to return the money has long since expired. *See* N.Y. C.P.L.R. § 217(1) (establishing that a proceeding challenging an officer's refusal to perform his duty must be commenced within four months of the refusal). But the fact that Article 78 procedures are no longer available does not mean that Plaintiff was denied due process. The availability of an Article 78 procedure is itself sufficient to satisfy an individual's right to due process. *Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d at 881 (holding that availability of Article 78 proceeding provided sufficient due process even where the plaintiff failed to avail itself of that proceeding within the applicable statute of limitations).

Therefore, Plaintiff fails to state a plausible claim for relief under 42 U.S.C. § 1983, and this action can be dismissed on that basis.

### B. Statute of Limitations

Even assuming Plaintiff stated a plausible due process claim, the Court would still be required to dismiss Plaintiff's complaint on statute of limitations grounds. The applicable limitations period for a section 1983 action is derived from the statute of limitations for personal injury actions under the laws of the forum state. *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013) (citing *Owens v. Okure,* 488 U.S. 235, 249–51 (1989); *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002)). The statute of limitations for a personal injury claim in New York is three years. N.Y. C.P.L.R. § 214(5); *see also Hogan v. Fischer*, 738 F.3d at 517. Thus, the applicable statute of limitations in this case is three years.

In this case, Plaintiff claims that Defendants took his money on November 20, 2008. A claim arising under section 1983 accrues when the plaintiff knows or has reason to know of the injury that creates a basis for the action. *Schomo v. City of New York*, 579 F.3d 176, 181 (2d Cir.

2009); *Ormiston v. Nelson*, 117 F.3d 69, 71 (2d Cir. 1997). Plaintiff did not file this suit until August 16, 2013, more than four years after that date. Thus, Plaintiff's claim is barred by the statute of limitations.

### C. Conspiracy

Plaintiff's allegation that Defendants conspired to create the circumstances resulting in his arrest and conviction, thereby allowing Bazan to steal $34,000, is not sufficient to state a claim for conspiracy under 42 U.S.C. § 1983. In order to assert a claim of conspiracy under section 1983, Plaintiff must allege "an actual violation of constitutional rights." *Singer v. Fulton County Sheriff*, 63 F.3d 110, 119 (2d Cir. 1995); *see also Droz v. McCadden*, 580 F.3d 106, 109 (2d Cir. 2009); *Curley v. Village of Suffern*, 268 F.3d 65, 72 (2d Cir. 2001). As discussed above, Plaintiff's constitutional right to due process has not been violated because Plaintiff had access to the post-deprivation remedy of an Article 78 proceeding. Any other constitutional claims contained in Plaintiff's complaint were dismissed by Judge Kahn's order dated February 24, 2014, (Dkt. No. 14, p. 6), and where the substantive claims underlying a conspiracy claim have been properly dismissed, the conspiracy claim itself also fails. *Beztak Land Co. v. City of Detroit*, 298 F.3d 559, 569 (6th Cir. 2002). Plaintiff therefore fails to allege any constitutional violation that might form the basis for a conspiracy claim under section 1983, and the Court must dismiss that claim.

The Court will not grant Plaintiff leave to amend the complaint, because repleading cannot cure the deficiencies in Plaintiff's complaint and would therefore be futile.

### V. CONCLUSION

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Defendants' motion to dismiss is **GRANTED**; and it is further

**ORDERED** that Plaintiff's complaint is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED**.

Dated: January 26, 2015

_Brenda K. Sannes_
Brenda K. Sannes
U.S. District Judge